NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INTERNATIONAL FRUIT GENETICS LLC, | No.  16-56090 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-05273-ODW-MRW |
| v. | |
| P.E.R. ASSET MANAGEMENT TRUST; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

| | |
|---|---|
| INTERNATIONAL FRUIT GENETICS LLC, | No.  16-56419 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-05273-ODW-MRW |
| v. | |
| PIETER EDUARD RETIEF REDELINGHUYS N.O., In His Capacity as Trustee for the Time Being of the P.E.R. Asset Management Trust and DEBORAH MARY REDELINGHUYS N.O., In Her Capacity as Trustee for the Time Being of the P.E.R. Asset Management Trust, | |
| Defendants-Appellants. | |

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted February 8, 2018[**]
Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and MARBLEY,[***] District Judge.

The P.E.R. Asset Management Trust and Peter and Deborah Redelinghuys (collectively "PER") appeal a summary judgment in favor of International Fruit Genetics ("IFG") in this diversity action arising out of IFG's termination of licensing agreements with PER. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. PER concedes that it imported Sugar Crisp grapes outside of South Africa's quarantine processes and self-sourced several other varieties of IFG grapes. These were Events of Default under PER's agreements with IFG, giving IFG the contractual right to terminate. Even assuming arguendo that termination could be premised only on <u>material</u> breaches of the agreements, these breaches were material. The violations at issue involved some 6,800 plants and related to IFG's protection of its intellectual property, "the core and crux of the contract" for IFG. *Wilson v.*

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

*Corrugated Kraft Containers, Inc.*, 256 P.2d 1012, 1016 (Cal. Ct. App. 1953).

2. IFG did not waive its right to terminate the agreements because of PER's self-sourcing, as the agreements expressly disclaim waiver.

3. The parties' course of conduct did not modify the agreements to permit self-sourcing. PER did not proffer evidence that IFG had "full knowledge" of its breach or engaged in "unequivocal conduct" demonstrating an intent to modify the agreements. *See Union Pac. R. Co. v. Zimmer*, 197 P.2d 363, 368 (Cal. Ct. App. 1948).

4. IFG's acceptance of royalties on self-sourced grapes did not estop it from enforcing the agreements. PER could not reasonably have relied on that conduct given the agreements' clear prohibition on self-sourcing and the no-waiver clauses. *See Aceves v. U.S. Bank, N.A.*, 120 Cal. Rptr. 3d 507, 514 (Ct. App. 2011) (requiring reasonable reliance for estoppel).

5. IFG was not required to give PER the opportunity to cure before terminating the agreements. The agreements provide that certain violations, including self-sourcing, are not curable. IFG therefore did not engage in bad faith by rejecting PER's cure attempts. "[T]he duty to act in good faith does not alter the specific obligations of the parties under [a] contract." *PMC, Inc. v. Porthole Yachts, Ltd.*, 76 Cal. Rptr. 2d 832, 836 (Ct. App. 1998) (quoting *Balfour, Guthrie & Co. v. Gourmet Farms*, 166 Cal. Rptr. 422, 427 (Ct. App. 1980)).

6. The district court's passing statement that it "weighed all of the evidence" does not establish that it failed to follow Federal Rule of Civil Procedure 56 in evaluating the summary judgment motion. The court's order, taken as a whole, makes clear that the court correctly concluded that there was no genuine issue of material fact and that PER was entitled to judgment as a matter of law.

**AFFIRMED.**